UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

AGI WEISS, Individually and as executrix of the
Estate of PAL WEISS, and as Assignee, Representative
and/or Nominee of Certain LA SUISSE Policy holders,

                                       Plaintiffs,       REPORT &
                                                                   RECOMMENDATION
    -against-

LA SUISSE, SOCIETE D'ASSURANCES SUR                  01 Civ. 1006(CM)(MDF)
LA VIE,

                                       Defendant.

-------------------------------------------------------------------x

ISAC HIRSCH, CHANA DEUTSCH, CHUME FULOP,
FAIGY BRACH, ISAC ROSENBERG, As Assignee,
ARON DEUTSCH, As Assignee, and SOLOMON KAHAN,
As Assignee, and all others similarly situated,

                                        Plaintiffs,
    -against-

LA SUISSE, SOCIETE D'ASSURANCES SUR
LA VIE,

                                       Defendant.
-------------------------------------------------------------------x

TO:  THE HONORABLE COLLEEN McMAHON, U.S.D.J.

      On March 3, 2005 Your Honor issued a decision and order (hereinafter the" March 3,

2005 Order") on plaintiffs'[1] application for class certification as to each of the two causes of

---

[1]. As Your Honor noted in footnote 1 of the March 3, 2005 Order, because the case of Hirsch v. LaSuisse, 03 Civ.1143, was transferred and consolidated with this case, Weiss v. LaSuisse, 01 Civ. 1006(CM), there are two complaints on the record. Since the parties' memoranda on the certification issue refer to the Hirsch complaint the March 3, 2005 Order cites to that complaint as well.

action in their complaint. Specifically, you granted class certification on the Section 1981 claims, and denied it on the breach of contract claims. The decision also bifurcated the liability and damages portions of the class action portion of the case (the 1981 claims), "deem[ing] all discovery in La Suissse I [2] to be discovery in this case" and closed discovery on the merits of the Section 1981 claims.

Plaintiffs now move for reconsideration of those rulings, contending that the court misstated and misapprehended key facts relevant to class certification of the contract claims, and further that the court erred in cutting off discovery, having wrongly assumed that the issues in the instant case are identical to *La Suissse I*.

For the reasons which follow I recommend that the motion be denied.

### DENIAL OF CLASS CERTIFICATION

Plaintiffs assert that the court's misapprehension of key facts is evident from the statement on page 12 of the March 3, 2005 Order which states:

> The individualized nature of those claims can best be illustrated by the fact that, in *LaSuisse I*, some of the individual plaintiffs won and some did not.

According to plaintiffs, those who recovered in *LaSuisse I* prevailed because of misdirected premium payments affecting only a small group of policyholders and that this result had nothing to do with the claimed contract damages which were allegedly suffered by all of the policyholders. Plaintiffs argue that this "mistake" colored the court's conclusion on the class certification determination as to the contract issues.

Plaintiffs take the above quote (which is the final sentence in the paragraph) out of context

---

[2] Referring to *Weiss v. LaSuisse,* 97 Civ. 1352, hereinafter referred to as *La Suissse I*.

and miss the point. The decision points out that while the commonality requirement is satisfied because there is at least one common question of choice of law, and some fact issues common to all plaintiffs such as the contract terms of each policy which are almost identical, but that the uncommon questions and issues predominate. Your Honor noted that you observed from presiding at the trial of *LaSuisse I* that members of the proposed class allege that the policies were breached in a variety of ways, such as: "( 1) failure to pay dividends/bonuses . . .; (2) failure to pay pro-rata refunds . . . ; (3) cancellation of policies . . . ; (4) failure to collect premiums . . . .; and (5) failure to pay marriage benefits. . . ." March 3, 2005 Order at pg. 12.

To make out a claim for breach of contract each plaintiff must prove: that he or she had complied in all respects with his or her obligations under the policy; how the defendant failed to live up to its obligations to each plaintiff; and how each plaintiff has been damaged. From the court's unique vantage point of having heard the proof at trial in *LaSuisse I,* Your Honor noted how highly individualized the proof on each of these matters will be. Additionally, a statute of limitations defense has been asserted, as to which "the court will have to take into account the timing of each plaintiff's transactions and interactions with LaSuisse." Id. at 17.

These issues are factual issues which require individualized proof. They predominate over the common issues.

Accordingly the Rule 23(b)(3) predominance test, whether the proposed class is sufficiently cohesive as to warrant adjudication by representation, is not satisfied.
While plaintiffs assert that the proof on each of these issues relates only to damages, the law requires that evidentiary proof of each element of each alleged breach of contract claim must be proven to establish liability for that breach. Only after a breach is proven can the court consider an

award of damages.

Plaintiffs also assert that the court misapplied the legal principle in *Amchem Products, Inc. v Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed. 2d 689 (1997) in which different individuals were injured by different asbestos containing products in different ways for different time periods, resulting in different injuries.

Here, according to plaintiffs, different individuals were injured by the same defendant over the same time period in connection with the same insurance contracts.

Again plaintiffs miss the point. While they are correct that the same defendant, LaSuisse, is alleged to have caused injuries to each plaintiff during the same time period in connection with the same insurance policy contract, the acts of wrongdoing alleged against the defendant by each of the individual plaintiffs are not the same. It is the proof of each breach of the contract which is central to a finding of liability. Your Honor noted that "the Rule 23(b) predominance requirement is 'more stringent" and 'far more demanding than' the commonality requirement of Rule 23(a)" citing *Maneely v.City of Newburgh,* 208 F.R.D.69, 76 (S.D.N.Y. 2002)(quoting *Amchem,* 521 U.S.at 609, 623-24). Accordingly Your Honor found that the individual issues here predominate over those common to the entire class, and, as in *Amchem*, where each individual class member would be required to " litigate liability issues based upon individualized facts" (March 3, 2005 Order pg. 14) class certification should be denied. As Your Honor points out, this situation clearly differs from *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (C.A.2, 2001), in which all plaintiff class members could establish liability by the same factual proof. In that case the defenses to liability were also common to all of the plaintiffs, whereas here the defenses are different, including various forms of noncompliance with the terms of the contracts and the

applicability of the statute of limitations defense to each plaintiff, which would run from the date of the alleged breach on each claim. To determine the applicability of the statute of limitations to each claim the court will have to consider and possibly take evidence on the dates of "each plaintiff's transactions and interactions with LaSuisse." (March 3, 2005 Order, pg. 17)

Furthermore, Plaintiff's argument that "the putative class, by definition, includes only policyholders who suffered damages as a result of defendant's pattern of contract breaches", and that " the form of breach is relevant only to the computation damages" (Reply papers, pg.3) likewise misses the point that proof of liability for each alleged contract breach must be established by competent evidence before damages may be considered.

Since the plaintiffs have not pointed to any controlling authority or facts which were misconstrued or overlooked in the March 3, 2005 Order, the motion for reconsideration of the denial of class certification should be denied.

CLOSE OF DISCOVERY ON THE 1981 CLAIMS

Your Honor's March 3, 2005 Order granting class action status on the Section 1981 claims, held that discovery on the merits of those claims is closed, and that all discovery conducted in *LaSuisse I* is deemed to be discovery in this case.

The defendant asserts that Your Honor made the same statement in the Scheduling Order issued on January 7, 2005, and that the time within which reconsideration may be sought pursuant to Fed. R. Civ. P. 60(b) and Local Rule 6.3 expired prior to this application.

Plaintiffs respond that the March 3, 2005 Order is the first time that the court addressed the issue of discovery on the class action matter, pointing out that the class did not even exist in

January.

In any event, and getting to the merits of the application, Plaintiff seems to assert that the court misapprehended the extent of the discovery which was conducted in *LaSuisse I*.  That scenario is most unlikely since Your Honor ruled on objections made to my discovery orders in that matter and presided over several conferences during the discovery period, at least one of which concerned the timing and extent of the discovery proceedings.

While plaintiffs' papers seem to allege that only about six months of discovery was conducted, a review of the docket sheet presents a somewhat different picture.

On July 6, 2000 your Honor issued a discovery scheduling order with all discovery to be completed by December of that year.  Thereafter on October 4, 2000 you extended the discovery dates, with all discovery to be completed by May 17, 2001.  I supervised discovery in *LaSuisse I* pursuant to your reference order, and on December 8, 2000 I issued a discovery practices order.  Discovery was contentious and continued through the spring and summer of 2001.  During that discovery period approximately 50 depositions were conducted along with extensive paper and expert discovery.

Objections were filed to a number of my discovery rulings which Your Honor addressed in April and September 2001.  Accordingly it is clear that the court was directly involved in and fully aware of the progress and extent of discovery.

Thereafter Your Honor ruled on the pretrial motions and the case went to trial in January 2004 with a verdict returned on February 2, 2004.

Plaintiffs cite to discovery which was not provided but is necessary to their claim, including correspondence with reinsurance companies and financial data to support what defendants were

expected to claim as financial losses under the policies in issue.

During the discovery in *LaSuisse I* I promptly addressed all issues of noncompliance with the discovery rules and with my orders which were presented. If plaintiffs now claim that information which was properly demanded was not provided, it is apparently their own fault for not making timely applications to compel production. If on the other hand they can document any such issue which was timely presented to me under the rules and the terms of the practice discovery order, and which was not resolved, I recommend that they be permitted to submit such issue to me within ten days along with proof that it was previously timely raised. If there are any such issues (and I seriously doubt that there are) I will decide them immediately.

I further note that the issue of financial losses allegedly sustained by the defendant under the policies was raised during the limited discovery on the contract claims. On June 3, 2005 counsel for defendants stated that the defendant will offer no proof at trial concerning underwriting losses on the policies in issue which has not already been provided to the plaintiffs. I confirmed that statement for the record, pointed out that any other evidence on that subject would likely be precluded, and noted that the issue appeared to be resolved. Plaintiffs' counsel expressed his satisfaction with that resolution of the dispute.

The plaintiffs have presented no facts or controlling authority which were misconstrued or overlooked in the March 3, 2005 Order. I recommend that the motion for reconsideration of the discovery cutoff on the 1981 class action claim be denied .

NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ. P., the parties

shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (see Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon and to the chambers of the undersigned, at this Courthouse, 300 Quarropas Street, White Plains, New York 10601

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge McMahon. See Thomas v. Arn, 474 U.S. 140 (1985); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied 113 S.Ct. 825 (1992); Small v Secretary of H.H.S., 892 F.2d 15,16 (2d Cir. 1989) (per curiam); Wesolek v. Canadair, Ltd., 838 F.2d 55, 58 (2d Cir. 1988). Requests for extension of time to file objections White Plains, New York must be made to Judge McMahon and should not be made to the undersigned.

Dated: July 21, 2005
White Plains, N. Y.

                                    Respectfully submitted,

                                    _____
                                    Mark D. Fox
                                    United States Magistrate Judge

Copies of the foregoing have been sent to the following:

The Honorable Colleen McMahon, U.S.D.J.

Richard M. Mahon, II, Esquire
Drake, Sommers, Loeb, Tarshis, Catania & Liberth, PLLC
Attorneys for Plaintiffs

One Corwin Court
P.O. Box 1479
Newburgh, New York 12550

Zeb Landsman, Esquire
Becker, Glynn, Melamed & Muffly, LLP
Attorneys for Defendant
299 Park Avenue
New York, New York 10171